Sullivan,
June 27, 1935.

JAMES D. SPOONER, *Tr. v.* ANNIE L. DUNLAP & *a.*

*James D. Spooner, Trustee, pro se.*

BRANCH, J.   The questions propounded by the trustee are stated and answered as follows:

1. "May he deed the Howard Property to Annie L. Dunlap without taking back a mortgage, if Winnifred A. Towne consents to it?"

The answer to this question is implicit in our reply to the trustee's sixth question *infra*. The right of the beneficiary and remainderman to terminate the trust *in toto* necessarily includes the right to terminate it in part, and hence it is the duty of the trustee to transfer such portions of the trust property as they may designate in accordance with their directions.

The language of the will also requires an affirmative answer to this question.

The provision authorizing the trustee "with the consent of the said Winnifred Spinney [now Towne] to use any part of the principal for the comfortable support and maintenance of the said Annie L. Dunlap" confers upon the trustee sufficient authority to transfer to Annie L. Dunlap, for her support and maintenance, any portion of the trust estate which he considers reasonably necessary for that purpose, provided the remainderman consents.

2. "May he deed the Howard Property to Annie L. Dunlap, taking back a mortgage for $4500. or such sum as may be agreed upon between himself and Annie L. Dunlap and Winnifred A. Towne?"

Since Annie L. Dunlap is entitled under the will to the benefit of the principal of the trust estate for her support and maintenance, its use by the trustee for that purpose would not constitute her a debtor to him, and under these circumstances, we see no justification for the creation of fictitious evidences of indebtedness. The second question of the trustee is, therefore, answered in the negative.

3. "May he continue to operate the Howard property as a permanent investment, making such investments therein for repairs, alterations, improvements, taxes, water rent, and any and all expenses ordinarily incident to the operation of rental real estate for profit?"

By buying in the first mortgage, the trustee properly discharged his duty "to protect the trust estate." *Glynn* v. *Maxfield*, 75 N. H. 482. Inasmuch as the property cannot now be sold without undue loss, "the trustee is under a duty to the beneficiary to use reasonable care and skill to make the trust property productive." Am. Law Inst., Restatement of Trusts, s. 176. This duty involves the power to lease and to make such other use of the real estate as prudent business management would suggest for the purpose of obtaining from it rents and profits. See *Hale* v. *Hale*, 146 Ill. 227. The trustee, therefore, has authority to make such repairs and alterations

as may be necessary to secure or retain tenants and to pay taxes and water rates. Since the prime object of the trust is to furnish an income to the life beneficiary, the use of the rentals for permanent improvements would not be justified. With the above qualification, the third question of the trustee is, therefore, answered in the affirmative.

4. "Is it the duty of your petitioner to investigate the conduct of his predecessor and, if loss has been incurred by the trust estate due to his mismanagement, sue his predecessor for such loss or losses?"

It is alleged in the bill that "the final account of said retiring trustee was allowed by the Court of Probate for this County and no objection was made by either the life tenant or the remainderman of this trust." The decree of the probate court allowing the account of the previous trustee was a judgment conclusive against all the world, from which relief can be had only in some direct proceeding in that court. *Scammon* v. *Pearson*, 79 N. H. 213; Hening's N. H. Digest, 1200. Except under extraordinary circumstances, no duty would, therefore, devolve upon the present trustee to investigate the conduct of his predecessor. The fourth question of the trustee is, therefore, answered in the negative.

5 "If the answer to the foregoing question is . . . in the affirmative, can the said Annie L. Dunlap and Winnifred A. Towne give a release of your petitioner from so doing . . .?"

Inasmuch as Annie L. Dunlap and Winnifred A. Towne both appear to be of age and *sui juris*, no reason is perceived why they may not properly release the trustee from any supposed duty to proceed against his predecessor upon full disclosure to them by the trustee of all facts within his knowledge. The fifth question of the trustee is, therefore, answered in the affirmative.

6. "May the trustee at the wish and request of both the life tenant and the remainderman, terminate the trust in full or in part under the circumstances set forth in the statement of facts . . . ?"

Our recent decision in the case of *Eastman* v. *Bank, ante,* 189, is decisive upon this point. Inasmuch as Annie L. Dunlap and Winnifred A. Towne appear to be the owners of the entire equitable title to the trust estate, the sixth question of the trustee is answered in the affirmative.

*Case discharged.*

All concurred.